Swan, C. J.,
dissented:
Up elle was sitting in his house at midnight, and some person shot him by discharging a gun from the outside, through the window. On the trial of the defendant for the murder of Upelle, the defense turned upon the fact whether he was the person who shot the deceased. It was claimed by the prisoner’s counsel, before the jury, that the defendant, if guilty at all, was guilty of murder in the first degree; and that if the jury could not find him guilty in the first degree they must acquit him. To this the prosecuting attorney also assented. The court, in their charge to the jury, and without exception or objection until after verdict, stated to the jury that it was conceded by the counsel for the defense that the evidence clearly established the fact, that murder in the first degree had been committed by some one; and that the only real issue *642 made by counsel before the jury, was the prisoner’s connection with the transaction; and the court said, that “ if the jury in this case find the prisoner guilty of the charge, you will have to state in your verdict that you find him guilty of murder in the first degree; and if you do not find him thus giiilty, your verdict will be, not guilty.”
The court said this — not for the purpose or with the intention to take from the jury the question whether the grade of the offense was less than murder in the first degree, but because neither , the facts nor the prisoner made any question of that kind. The prisoner or his counsel should have withdrawn the concession as to the real issue made, and grade of the offense, at the time of the charge, or-before verdict; and there being no testimony whatever even tending to show that the offense was of a different-grade from that conceded, the verdict should not, in my opinion, be disturbed. In my opinion, the majority of the court have applied very sound law to a . case to which that law is not applicable.